IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) No: 2:12-CR-58 |
| | ) Greeneville, Tennessee |
| vs. | ) October 18, 2012 |
| | ) 2:18 p.m. |
| ANTHONY LAMONT SINGLETON, | ) |
| | ) |
| Defendant. | ) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

_____

KRISTIN E. SCHULTZ BURKE, LCR #247
MILLER & MILLER COURT REPORTERS
12804 Union Road, Knoxville, Tennessee 37934
Phone: 865-675-1471 / Fax: 865-675-6398
Email: JMccon3590@aol.com

```
 1   APPEARANCES:

 2
     For the Plaintiff:      CARYN L. HEBETS, ESQ.
 3                           United States Attorney
                             Department of Justice
 4                           220 Depot Street, Suite 423
                             Greeneville, Tennessee 37743
 5

 6
     For the Defendant:      JEFFREY D. JOHNSON, ESQ.
 7                           128 East Market Street
                             Johnson City, Tennessee 37604
 8

 9   Also Present:
          Anthony Lamont Singleton
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        This above-styled cause came to be heard on the

2    18th day of October, 2012, in the United States District

3    Court for the Eastern District of Tennessee, Northeastern

4    Division, the Honorable J. Ronnie Greer presiding.

5        THE COURT:  Please call this case, Madam Clerk.

6        THE DEPUTY CLERK:  This is USA vs. Anthony

7    Lamont Singleton, Case Number 2:12-CR-58.

8        Please raise your right hand.

9        Do you solemnly swear that you will true answer

10   make to the questions asked of you at this present inquiry

11   as you shall answer unto God?

12       MR. SINGLETON:  I do, ma'am.

13       THE COURT:  Mr. Singleton, before we begin, you

14   were brought into the courtroom right at the end of what

15   your attorney was saying to me.  You will recall we were

16   here about a week ago and that Mr. Johnson did not appear

17   at that time.  He was explaining to me that because of a

18   computer malfunction, he did not receive timely notice of

19   that hearing --

20       MR. SINGLETON:  Yes.

21       THE COURT:  -- and therefore was not here.  I

22   trust he has explained that to you and that you understand

23   what happened at that time?

24       MR. SINGLETON:  Yes, sir, I do.

25       THE COURT:  All right.  Mr. Singleton, you are

1   charged in a one-count Indictment in this case with being

2   a felon in possession of a firearm, it looks like a

3   firearm and ammunition, in violation of Title 18 United

4   States Code §922(g)(1).  It appears from the record in

5   this case that you have now entered into a Plea Agreement

6   with the United States and I understand that pursuant to

7   the Plea Agreement you wish to change your plea this

8   afternoon to a plea of guilty as to the one-count

9   Indictment returned by the Grand Jury in this case.

10            Is that correct?

11            MR. SINGLETON:  I do, sir.

12            THE COURT:  Before I can accept that guilty

13  plea, there are several questions I need to ask you to

14  assure that your plea is a valid one.  If you do not

15  understand any question, please ask me to explain it to

16  you, and you may confer with your attorney on any question

17  if you find it necessary to do so.

18            Do you understand that?

19            MR. SINGLETON:  I do, sir.

20            THE COURT:  Do you understand that you are now

21  under oath and that if you answer any of my questions

22  falsely, your answers may be used against you in another

23  criminal prosecution for perjury or for making a false

24  statement?

25            MR. SINGLETON:  I do, sir.

1          THE COURT:  How old are you, Mr. Singleton?

2          MR. SINGLETON:  Thirty-seven.

3          THE COURT:  What education do you have?

4          MR. SINGLETON:  I've got a G.E.D.

5          THE COURT:  Are you able to read and write

6    without difficulty?

7          MR. SINGLETON:  Yes, sir.

8          THE COURT:  Are you now being treated or have

9    you recently been treated for any mental illness or

10   addiction to narcotics drugs of any kind?

11         MR. SINGLETON:  No, sir.

12         THE COURT:  Have you taken any drugs, medicine,

13   pills or alcoholic beverage of any kind within the last 24

14   hours?

15         MR. SINGLETON:  No, sir.

16         THE COURT:  Is there anything about your mental

17   or your physical condition here today which would make it

18   difficult for you to think clearly, to understand these

19   proceedings or to make good decisions about your case?

20         MR. SINGLETON:  No, sir.

21         THE COURT:  Do you, in fact, understand what is

22   happening here this afternoon?

23         MR. SINGLETON:  I do, sir.

24         THE COURT:  Mr. Johnson, do you consider the

25   Defendant competent to enter this plea of guilty here

1    today?

2              MR. JOHNSON:  Yes, Your Honor.

3              THE COURT:  Mr. Singleton, have you received a

4    copy of the Indictment returned by the Grand Jury in this

5    case?

6              MR. SINGLETON:  Yes, sir.

7              THE COURT:  Have you read the Indictment?

8              MR. SINGLETON:  Yes, sir.

9              THE COURT:  Have you had sufficient time to

10   discuss this case with your lawyer?

11             MR. SINGLETON:  I have, sir.

12             THE COURT:  Have you told your lawyer everything

13   you know about this case?

14             MR. SINGLETON:  I have, sir.

15             THE COURT:  Do you believe that your lawyer is

16   fully aware of all the facts upon which this charge is

17   based?

18             MR. SINGLETON:  Yes, sir.

19             THE COURT:  Has your lawyer advised you as to

20   the nature and meaning of the charge against you in this

21   case?

22             MR. SINGLETON:  Yes, sir.

23             THE COURT:  Has your attorney explained to you

24   the meaning of all words used in this Indictment about

25   which you had any question?

1           MR. SINGLETON:  Yes, sir.

2           THE COURT:  Has your attorney advised you as to

3    each and every element of this offense which the

4    Government must prove beyond a reasonable doubt before you

5    could be convicted of this offense?

6           MR. SINGLETON:  Yes, sir.

7           THE COURT:  As I indicated, Mr. Singleton, the

8    Indictment returned by the Grand Jury in this case is a

9    one-count Indictment.  You are charged in that one-count

10   Indictment as follows:

11          "The Grand Jury charges that on or about June

12   13, 2011, in the Eastern District of Tennessee, the

13   Defendant, Anthony Lamont Singleton, having been convicted

14   in a court of a crime punishable by imprisonment for a

15   term exceeding one year, did knowingly possess in commerce

16   and affecting commerce a firearm and ammunition, namely, a

17   Phoenix Arms Model Raven .25 caliber semi-automatic

18   pistol, a Winchester .25 auto caliber ammunition -- excuse

19   me.  It doesn't say how much ammunition.  It just says

20   "ammunition" -- and Remington .25 caliber auto caliber

21   ammunition, which had all been shipped and transported in

22   interstate commerce of violation of Title 18 United States

23   Code §922(g)(1) and 924(e)(1)."

24          Do you understand that is what you're charged

25   with in this one-count Indictment?

1          MR. SINGLETON:  Yes, sir.

2          THE COURT:  Do you understand that before you

3    could be convicted of the charge contained in this one

4    Indictment, the United States would be required to prove

5    beyond a reasonable doubt each of the following elements:

6    First, that you were convicted in any court of a crime

7    punishable by imprisonment for a term exceeding one year;

8    second, that you thereafter knowingly possessed the

9    firearm and the ammunition described in Count 1 of the

10   Indictment; and, third, that the firearm and ammunition

11   previously had been shipped or transported from one state

12   to another?

13         MR. SINGLETON:  I do, sir.

14         THE COURT:  Have you and your attorney discussed

15   any possible defenses you might have to this charge?

16         MR. SINGLETON:  Yes, sir.

17         THE COURT:  As I said earlier, Mr. Singleton, I

18   understand there is a Plea Agreement in this case.  Have

19   you read this Plea Agreement?

20         MR. SINGLETON:  I have, sir.

21         THE COURT:  Has your attorney explained to you

22   all the terms and conditions of the Plea Agreement you

23   entered into with the Government?

24         MR. SINGLETON:  Yes, sir.

25         THE COURT:  Do you fully understand all the

1   terms and conditions of this agreement you made with the

2   Government?

3           MR. SINGLETON:  Yes, sir.

4           THE COURT:  Is this your signature on this Plea

5   Agreement filed with the Court as Document 18?

6           MR. SINGLETON:  It is.

7           THE COURT:  Are you satisfied with the way your

8   lawyer, Mr. Johnson, has represented you in this matter?

9           MR. SINGLETON:  Yes, sir.

10          THE COURT:  Mr. Johnson, are you satisfied that

11  Mr. Singleton understands this charge, the elements of the

12  offense charged, and the legal meaning of all words used

13  in this Indictment?

14          MR. JOHNSON:  He does, Your Honor.

15          THE COURT:  Mr. Singleton, by entering a plea of

16  guilty here today, you will waive or give up certain

17  rights that you have as a criminal defendant in this

18  matter.  I need to ask you a series of questions to make

19  sure that you understand the rights you are giving up as

20  they relate to a trial by entering this guilty plea here

21  this afternoon.

22              First of all, do you understand that you

23  have a right to plead not guilty to any offense charged

24  against you and to persist in that not guilty plea?

25          MR. SINGLETON:  Yes, sir.

1              THE COURT:  Do you understand that you would

2      then have the right to a trial by jury?

3              MR. SINGLETON:  Yes, sir.

4              THE COURT:  Do you understand that during that

5      jury trial you would have the right to the assistance of

6      counsel for your defense, counsel appointed by the Court

7      and paid for by the Government, if you could not afford to

8      hire your own attorney?

9              MR. SINGLETON:  Yes, sir.

10             THE COURT:  Do you understand that during that

11     jury trial you would have the right to see and hear the

12     Government's witnesses against you and have those

13     witnesses cross-examined by your attorney in your defense?

14             MR. SINGLETON:  Yes, sir.

15             THE COURT:  Do you understand that you would

16     have the right on your own part not to testify at trial

17     unless you choose to do so in your own defense?

18             MR. SINGLETON:  Yes, sir.  I understand that.

19             THE COURT:  And do you understand that you would

20     have the right to the issuance of subpoenas to compel the

21     attendance of witnesses, even unwilling witnesses, to

22     testify on your behalf at trial?

23             MR. SINGLETON:  Yes, sir.

24             THE COURT:  Very importantly, Mr. Singleton, do

25     you understand that by entering a plea of guilty here

1    today, if the plea is accepted by the Court, you will have

2    given up your right to a trial in this case --

3              MR. SINGLETON:  Yes, sir.

4              THE COURT:  -- and there will, in fact, be no

5    trial in your case?

6              MR. SINGLETON:  Yes, sir.

7              THE COURT:  Do you understand that by entering a

8    plea of guilty you will not only given up your right to a

9    trial of any kind, but you will also be giving up your

10   right with respect to all these other rights associated

11   with a trial that I have just described to you?

12             MR. SINGLETON:  Yes, sir.

13             THE COURT:  Do you understand you will also be

14   giving up your right not to be compelled to incriminate

15   yourself?

16             MR. SINGLETON:  Yes, sir.

17             THE COURT:  Do you understand that you will be

18   giving up the right to require the United States to prove

19   you guilty beyond a reasonable doubt?

20             MR. SINGLETON:  I do, sir.

21             THE COURT:  Has any person, including an officer

22   or agent of the Government, put any pressure on you,

23   mentally or physically, to force you to plead guilty in

24   this case?

25             MR. SINGLETON:  No, sir.

1          THE COURT:  I'm aware, Mr. Singleton, that the

2    Government has made certain promises to you in this Plea

3    Agreement that you have entered into; but aside from any

4    promise contained in this Plea Agreement, has any officer

5    or agent of the Government promised you or suggested to

6    you that you will receive a lighter sentence or any other

7    form of leniency if you plead guilty?

8          MR. SINGLETON:  No, sir.

9          THE COURT:  What I'm really asking you,

10   Mr. Singleton, is whether or not any promise has been made

11   to you by the Government that is not reflected in this

12   Plea Agreement or the Supplement to the Plea Agreement?

13         MR. SINGLETON:  Explain that to me.

14         THE COURT:  I want to make sure, Mr. Singleton,

15   that all of your agreement with the Government has been

16   committed to writing --

17         MR. SINGLETON:  Yes, sir.

18         THE COURT:  -- and is reflected in either this

19   Plea Agreement or the supplement that has been filed?

20         MR. SINGLETON:  Yes, sir.  It is.

21         THE COURT:  So my question to you is whether or

22   not there is any promise that has been made to you by an

23   agent or officer of the Government that is not reflected

24   in this Plea Agreement.

25         MR. SINGLETON:  No, sir.

1          THE COURT:  Once again, other than the promises

2   contained in the Plea Agreement, have any promises or

3   threats of any kind been made by anyone to induce you to

4   plead guilty in this case?

5          MR. SINGLETON:  No, sir.

6          THE COURT:  In other words, is it your free and

7   voluntary decision to enter this guilty plea here today?

8          MR. SINGLETON:  It is, sir.

9          THE COURT:  Mr. Singleton, I now state for the

10  record that the Court will review the Plea Agreement in

11  this case.  I advise both you and counsel that I am not

12  required to accept this Plea Agreement and that I will

13  defer my decision on whether or not to accept or reject

14  your Plea Agreement until after I have received a

15  Presentence Report from the United States Probation

16  Office.  However, if I do reject this Plea Agreement, you

17  will be so advised here in open court and you will be

18  permitted to withdraw your guilty plea.

19          Do you understand that?

20          MR. SINGLETON:  I do, sir.

21          THE COURT:  Mr. Singleton, one of the things I

22  have to do here this afternoon before I can accept this

23  guilty plea is to determine whether or not there is an

24  adequate factual basis for the guilty plea.  In other

25  words, I need to determine that you have admitted

1  sufficient facts from which the Court can find that all

2  the elements of this offense have been established beyond

3  a reasonable doubt.

4          It appears that in an effort to provide the

5  required factual basis you have entered into a Stipulation

6  of Facts, which is contained in this Plea Agreement at

7  Paragraph 4 of the Plea Agreement.

8          Did you read Paragraph 4 of this Plea Agreement

9  very carefully?

10          MR. SINGLETON:  Yes, sir.

11          THE COURT:  Did you review the provisions in

12  Paragraph 4, that is, the Stipulation of Facts, carefully

13  with your attorney?

14          MR. SINGLETON:  Yes, sir.

15          THE COURT:  Do you agree with the Government's

16  summary or with the summary of what you did in this case

17  that is set out in Paragraph 4 of this Plea Agreement?

18          MR. SINGLETON:  I do, sir.

19          THE COURT:  Are all the facts contained in

20  Paragraph 4 of your Plea Agreement true?

21          MR. SINGLETON:  Yes, sir.

22          THE COURT:  Do you stipulate here today under

23  oath that the facts contained in Paragraph 4 of this Plea

24  Agreement are true and correct?

25          MR. SINGLETON:  Yes, sir, they are.

1          THE COURT:  I also note here, Mr. Singleton,

2     that Paragraph 4 of this Plea Agreement provides that the

3     stipulated facts do not necessarily constitute all of the

4     facts in this case.

5          Do you understand that?

6          MR. SINGLETON:  Yes, sir.

7          THE COURT:  Do you understand that there may be

8     other facts relevant to sentencing which the Court will

9     consider at the time of your sentencing in this case?

10         MR. SINGLETON:  I do.

11         THE COURT:  All right.  Mr. Singleton, how do

12    you plead then as to this one-count Indictment which

13    charges you with being a felon in possession of a firearm

14    and ammunition in violation of Title 18 United States Code

15    §922(g)?

16         Do you plead guilty or not guilty?

17         MR. SINGLETON:  I plead guilty, sir.

18         THE COURT:  Do you understand what it is you're

19    pleading guilty to?

20         MR. SINGLETON:  I do, sir.

21         THE COURT:  Are you offering to plead guilty to

22    this offense because you are, in fact, guilty of the

23    offense?

24         MR. SINGLETON:  I am.

25         THE COURT:  All right.  Ms. Hebets, will the

1  Government please advise Mr. Singleton as to the maximum

2  possible penalty provided by the law for this offense?

3         MS. HEBETS:  Yes, Your Honor.

4         If the Defendant is not determined to be an

5  armed career criminal, the maximum penalty is up to ten

6  years imprisonment, a $250,000.00 fine, and up to three

7  years on supervised release, plus a $100.00 special

8  assessment fee.

9         If the Defendant is determined to be an

10  armed career criminal, the punishment is a minimum of 15

11  years in prison, up to life imprisonment, a $250,000.00

12  fine, up to five years on supervised release, and a $100.00

13  special assessment fee.

14         THE COURT:  Thank you, Ms. Hebets.

15         Now, Mr. Singleton, it appears that the maximum

16  sentence to which you are exposed in this case depends

17  upon whether or not you are an armed career criminal as

18  that term is defined in federal law.  Title 18 United

19  States Code §924(e) provides that a person who commits a

20  violation of §922(g), that is, the felon in possession

21  statute, and who has three previous convictions by any

22  court for a violent felony or a serious drug offense or

23  both committed on occasions different from one another

24  shall be subject to a mandatory minimum term of at least

25  15 years of imprisonment and a maximum term of life

1    imprisonment.  The statute defines the term "serious drug

2    offense" as an offense under the Controlled Substances

3    Act, that is, Title 21 United States Code §801 or the

4    sections that follow, which carries a maximum term of

5    imprisonment of ten years or more, or an offense under

6    state law involving the manufacturing, distributing or

7    possessing with intent to manufacture or distribute a

8    controlled substance for which a maximum term of

9    imprisonment of ten years or more is prescribed by state

10   law.

11            The term "violent felony" under the statute

12   means any crime punishable by imprisonment for a term

13   exceeding one year or any act of juvenile delinquency

14   involving the use or carrying of a firearm, knife or

15   destructive device that would be punishable by

16   imprisonment for such term if committed by an adult that

17   has as an element the use, attempted use or threatened use

18   of physical force against the person of another or is a

19   burglary, arson or extortion, involves the use of

20   explosives or otherwise involves conduct that presents a

21   serious potential risk of physical injury to another.

22            The short of all that is this, Mr. Singleton.

23   First of all, do you understand that if you are determined

24   not to be an armed career criminal, you will face a

25   maximum term of imprisonment in this case of ten years?

1          MR. SINGLETON:  I do, sir.

2          THE COURT:  If you are subsequently determined

3    to be an armed career criminal under the definitions that

4    I just gave you, do you understand that in that case you

5    face a mandatory minimum term of 15 years of imprisonment

6    up to a maximum term of life imprisonment?

7          MR. SINGLETON:  I do.

8          THE COURT:  Do you understand that the Court

9    cannot determine whether or not you are an armed career

10   criminal within the meaning of §924(e)(1) until after a

11   Presentence Report has been completed by the United States

12   Probation Office?

13         MR. SINGLETON:  Yes, sir.

14         THE COURT:  Do you understand that before I make

15   that determination, you will have an opportunity to object

16   to any conclusions that the probation officer reaches in

17   that respect?

18         MR. SINGLETON:  Yes.

19         THE COURT:  As I indicated, Mr. Singleton, if

20   you are determined to be an armed career criminal, you

21   will face a 15-year mandatory minimum term of imprisonment

22   in this case.  In other words, this court because of the

23   statute will have no discretion other than to impose a

24   15-year non-parolable term of imprisonment in the case.

25         Do you understand that absent a Government

1   motion for downward departure or some other very

2   extraordinary circumstance in this case this court will

3   have no discretion to impose a sentence that is less than

4   the 15-year mandatory minimum sentence set by statute if

5   you are ultimately determined to be an armed career

6   criminal?

7          MR. SINGLETON:  Yes, sir.

8          THE COURT:  I know that you have discussed that

9   eventuality with Mr. Johnson, and I'm sure Mr. Johnson has

10  given you the best advice that he could give you with

11  respect to whether or not you qualify as an armed career

12  criminal; but do you understand that that decision is

13  ultimately one for this court not your lawyer to make?

14         MR. SINGLETON:  Yes, sir.

15         THE COURT:  With respect to whatever advice your

16  attorney may have given you on that point, do you

17  understand that this court is not bound by your attorney's

18  advice on that issue?

19         MR. SINGLETON:  Yes, sir.

20         THE COURT:  Do you understand that if you are

21  later determined to be an armed career criminal, that

22  will not be the basis for you being allowed to withdraw

23  this guilty plea?

24         MR. SINGLETON:  Yes, sir.

25         THE COURT:  Mr. Regalia also indicated to you

1    what the maximum fine in terms of supervised release were

2    and that you were subject to a $100.00 mandatory

3    assessment, do you understand that is the maximum with

4    respect to the fine, the term of supervised release and

5    the assessment as well?

6            MR. SINGLETON:  Yes, sir.

7            THE COURT:  Do you also understand that, in

8    appropriate cases, the Court must order restitution and

9    that certain of your property may be subject to forfeiture

10   because of this guilty plea?

11           MR. SINGLETON:  Yes, sir.

12           THE COURT:  If your plea is accepted,

13   Mr. Singleton, you will be adjudged of a felony and this

14   will cause you to lose certain valuable civil rights such

15   as the right to vote, the right to hold public office, the

16   right to serve on a jury, and the right to possess any

17   kind of firearm.

18           Knowing those additional penalties, do you still

19   want to plead guilty?

20           MR. SINGLETON:  Yes, sir.

21           THE COURT:  Mr. Regal -- I'm sorry.  I started

22   to say Mr. Regalia.  He has left.

23           Ms. Hebets, has this Defendant waived any appeal

24   rights or rights to file a §2255 motion in this Plea

25   Agreement?

1          MS. HEBETS:  Yes, Your Honor.  Those waivers are

2    in Paragraph 10 of the Plea Agreement.

3          THE COURT:  All right.  Thank you.

4          Mr. Singleton, it appears that in this Plea

5    Agreement, at Paragraph 10, you have waived certain rights

6    to file a direct appeal or to collaterally attack your

7    conviction or the resulting sentence in this case.

8          First of all, as a general matter, do you

9    understand that this Plea Agreement you have entered into

10   with the Government expressly waives certain rights to

11   appeal or to collaterally attack your conviction or the

12   sentence imposed in this case?

13         MR. SINGLETON:  Yes, sir.

14         THE COURT:  Did you read Paragraph 10 of this

15   Plea Agreement very carefully?

16         MR. SINGLETON:  I did, sir.

17         THE COURT:  Did you review Paragraph 10 of this

18   Plea Agreement carefully with your attorney?

19         MR. SINGLETON:  Yes, sir.

20         THE COURT:  Have you and your attorney fully

21   discussed these waivers of your rights to appeal and your

22   right to collaterally attack your conviction or resulting

23   sentence in this case?

24         MR. SINGLETON:  Yes, sir.

25         THE COURT:  Is there an issue, Mr. Johnson?

1          Mr. Johnson, is there an issue?

2          MR. JOHNSON:  No, Your Honor.  I was asking him

3    one question concerning the armed career criminal status.

4          THE COURT:  All right.

5          Mr. Singleton, you told me that you have read

6    these waivers and that you have reviewed them carefully

7    with your attorney.  Let me make sure more specifically

8    that you understand what you have waived here.

9          With respect to your right to file a direct

10   appeal, Paragraph 10 of this Plea Agreement provides that

11   you agree not to file a direct appeal except in the

12   situation where this court imposes a sentence above the

13   guideline range as determined by the District Court or

14   above any mandatory minimum sentence deemed applicable by

15   the District Court, whichever is greater.

16         Do you understand that?

17         MR. SINGLETON:  Yes, sir.

18         THE COURT:  Do you understand that that means

19   that at some point later in these proceedings after I have

20   received a Presentence Report from the probation office, I

21   will determine the guideline range which applies to this

22   case, and this appellate waiver, that is, this waiver of

23   your right to file a direct appeal, will apply unless I

24   impose a sentence above that guideline range or above the

25   mandatory minimum, which could be 15 years, whichever one

1    applies in this case?

2              Do you understand that?

3              MR. SINGLETON:  Yes, sir.

4              THE COURT:  Let me make sure one other thing.

5    It appears to me that with that language, that you also

6    waive your right to challenge this Court's determination

7    about whether or not you are an armed career criminal.

8              Do you understand that?

9              MR. SINGLETON:  (No audible response.)

10             THE COURT:  All right.  Mr. Singleton, let me

11   make sure you understand this process.  One of the things

12   I will do at the end of this hearing today is to direct

13   the probation office to prepare a Presentence Report.

14             MR. SINGLETON:  Yes, sir.

15             THE COURT:  Among other things, they will gather

16   information for the Court about your prior criminal

17   record.

18             MR. SINGLETON:  Uh-huh.

19             THE COURT:  The probation office will make a

20   preliminary determination about whether or not you, in

21   fact, have three prior convictions for either a violent

22   felony or a serious drug offenses as I have indicated to

23   you.

24             MR. SINGLETON:  Right.

25             THE COURT:  Depending upon what that

1 determination is, for instance, if the probation office

2 decides you are, in fact, an armed career criminal, you

3 will have an opportunity to challenge that or object to

4 it.

5 　　　　Do you understand that?

6 　　　　MR. SINGLETON:  Yes, sir.

7 　　　　THE COURT:  Ultimately, this court will make a

8 determination about whether or not you are an armed career

9 criminal and therefore whether the mandatory minimum

10 applies.

11 　　　　Do you understand that you are waiving your

12 right to appeal this Court's decision on that issue?

13 　　　　MR. SINGLETON:  Yes, sir.

14 　　　　THE COURT:  Mr. Singleton, under the Sentencing

15 Reform Act of 1984, the United States Sentencing

16 Commission has issued sentencing guidelines for judges to

17 consider in determining sentencing in criminal cases.  Use

18 of these sentencing guidelines is no longer mandatory.

19 They are advisory sentencing guidelines only.  However,

20 your advisory guideline sentencing range is one of the

21 factors which this court must consider in determining an

22 appropriate sentence in your case.

23 　　　　Have you and your attorney talked about how

24 these advisory guidelines might apply in your case?

25 　　　　MR. SINGLETON:  Yes, sir.

1            THE COURT:  Do you understand that the Court

2    cannot determine the advisory guideline sentencing range

3    which applies to your case and therefore determine an

4    appropriate sentence in the case until after a Presentence

5    Report has been completed by the United States Probation

6    Office and both you and the Government have had an

7    opportunity to object to or to challenge any of the

8    contents of that report?

9            MR. SINGLETON:  Yes, sir.

10           THE COURT:  In addition to your advisory

11    guideline sentencing range, there are also a number of

12    other factors which federal law requires the Court to

13    consider before determining an appropriate sentence in

14    this case.  Those other factors are set out at Title 18

15    United States Code §3553(a) and they include the nature

16    and circumstances of the offense; your history and

17    characteristics; the need for the sentence imposed to

18    reflect the seriousness of the offense; to promote respect

19    for the law; to provide just punishment for the offense;

20    to afford adequate deterrence to criminal conduct; to

21    protect the public from further crimes that you might

22    commit; to provide you with needed educational or

23    vocational training, medical care or other correctional

24    treatment in the most effective manner; the kinds of

25    sentences available; any pertinent policy statements

1    issued by the Sentencing Commission; the need to avoid

2    unwarranted sentence disparities among defendants with

3    similar records who have been found guilty of similar

4    conduct; and the need, if any, to provide restitution to

5    any victims of the offense.

6              Do you understand that this court will

7    consider all of those statutory factors as well as other

8    information relevant to sentencing which is called to the

9    Court's attention by either your attorney or by the United

10   States' attorney before deciding on an appropriate sentence

11   in this case?

12             MR. SINGLETON:  Yes, sir.

13             THE COURT:  Do you also understand that even

14   after it has been determined what advisory guideline

15   sentencing range applies to this case, the Court has the

16   authority to impose a sentence that may be more severe

17   than the sentence called for in the advisory guidelines?

18             MR. SINGLETON:  Yes, sir.

19             THE COURT:  In other words, Mr. Singleton, do

20   you understand that if you are determined not to be an

21   armed career criminal, this court has the authority,

22   regardless of what sentence might be suggested by the

23   advisory guidelines, to impose a ten-year term of

24   imprisonment in the case?

25             MR. SINGLETON:  Yes, sir.

1           THE COURT:  And if you are determined to be an

2    armed career criminal, do you understand that in that

3    circumstance, again, regardless of what the advisory

4    guidelines might suggest, this court has the authority to

5    impose a life term of imprisonment?

6           MR. SINGLETON:  Yes, sir.

7           THE COURT:  Understanding all of that, do you

8    still want to plead guilty here this afternoon?

9           MR. SINGLETON:  Yes, sir.

10          THE COURT:  Do you also understand that under

11   some circumstances, you, subject, of course, to these

12   waivers you have agreed to in this Plea Agreement, or the

13   Government may have the right to appeal any sentence that

14   is ultimately imposed in the case?

15          MR. SINGLETON:  Yes, sir.

16          THE COURT:  Mr. Johnson, have you made any

17   representation to the Defendant as to what sentence the

18   Court might impose in this case other than to give him an

19   estimate as to his advisory guideline sentencing range and

20   to discuss with him the possible applicability of the

21   15-year mandatory minimum sentence if he is determined to

22   be an armed career criminal?

23          MR. JOHNSON:  No, Your Honor.

24          THE COURT:  Mr. Singleton, with respect to

25   either of those subjects, do you understand, first of all,

1   that your attorney is simply giving you his estimate as to

2   those matters?

3          MR. SINGLETON:  Yes, sir.

4          THE COURT:  In other words, he is estimating for

5   you what your advisory guideline range might be and he is

6   also giving you his best estimate as to whether or not you

7   are an armed career criminal?

8          MR. SINGLETON:  Yes, sir.

9          THE COURT:  And do you understand that this

10  court is not bound by your attorney's conclusion as to

11  either of those matters?

12         MR. SINGLETON:  Yes, sir.

13         THE COURT:  All right.  The Court has observed

14  the appearance of Mr. Singleton and his responsiveness to

15  the Court's questions.  Based upon these observations and

16  his answers to the Court's questions, the Court finds that

17  the Defendant is in full possession of his faculties and

18  is competent to plead guilty; that he is not under the

19  apparent influence of narcotics, other drugs or alcohol;

20  that he knowingly waives his constitutional rights to

21  trial and the other rights accorded to persons accused of

22  crime; that he understands the nature of the charge to

23  which the plea is offered and the maximum penalty provided

24  by law for this offense; and that he has offered to plead

25  guilty knowingly and voluntarily.

1          Accordingly, Mr. Singleton, your plea of guilty

2    will be accepted and you are hereby adjudged guilty of

3    this one-count Indictment which charges you with being a

4    felon in possession of a firearm and ammunition in

5    violation of Title 18 United States Code §922(g).

6          Counsel, can we also set this sentencing hearing

7    for April 15th at 1:30?

8          MR. JOHNSON:  Is that April 15th, Your Honor?

9          THE COURT:  Yes, Mr. Johnson.

10         MR. JOHNSON:  Thank you.

11         THE COURT:  All right.  Mr. Singleton, I will

12   schedule a sentencing hearing here for April 15, 2013 at

13   1:30 p.m. here in this courtroom.  I will order the

14   preparation of the Presentence Report we have discussed.

15   A probation officer will contact you shortly for an

16   interview that gets that process started.

17         It appears from the record in this case that

18   Mr. Singleton was previously detained by order of the

19   Magistrate Judge because he is serving a State term of

20   incarceration.

21         I assume, Mr. Johnson, that is still the case?

22         MR. JOHNSON:  Yes, sir.

23         THE COURT:  For that same reason, Mr. Singleton,

24   I will order your continued detention in the custody of

25   the United States Marshal pending further proceedings in

Page 30

1    the case and you will be remanded to the Marshal's

2    custody.

3              MR. SINGLETON:  Okay.

4              THE COURT:  Thank you all very much.

5              MR. JOHNSON:  Thank you.

6

7    (End of proceedings.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T E

2   STATE OF TENNESSEE  )

3   COUNTY OF GREENE    )

4           I, KRISTIN E. SCHULTZ BURKE, LCR #247, Court

5   Reporter and Notary Public, in and for the State of

6   Tennessee, do hereby certify that the above proceedings

7   were reported by me, transcribed by me, and that the

8   foregoing 31 pages of the transcript is a true and accurate

9   record to the best of my knowledge, skills and ability.

10          I further certify that I am neither of kin nor of

11  counsel to any of the parties nor in anywise financially

12  interested in the outcome of this case.

13          I further certify that I am duly licensed by the

14  Tennessee Board of Court Reporting as a Licensed Court

15  Reporter as evidenced by the LCR number and expiration date

16  following my name below.

17          IN WITNESS WHEREOF, I have hereunto set my hand

18  and affixed my Notarial Seal this 20th day of November,

19  2013.

20

21  Kristin E. Schultz Burke, LCR #247
    Expiration Date:  6/30/2014
22  Notary Public Commission Expires:  12/27/2015
    Miller & Miller Court Reporters
23  12804 Union Road
    Knoxville, TN 37934
24  Phone:  865-675-1471 / Fax:  675-6398

25

Electronically signed by Kristin Schultz (001-364-541-6088)