UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ANTHONY SINGLETON, | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 2:12-cr-58, 2:16-cv-199 |
| | ) | Judge Greer |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MOTION TO DENY PETITIONER'S § 2255 MOTION
AS MERITLESS AND TO DISMISS IT WITH PREJUDICE FOR
FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Petitioner filed a motion under 28 U.S.C. § 2255 to contest a guideline range in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague. (Doc. 46.) The United States responded in opposition, arguing that petitioner had not established his entitlement to relief, because, among other things, the Supreme Court expressly limited its holding in *Johnson* to the Armed Career Criminal Act. (Doc. 49.) But the United States also acknowledged that the Supreme Court was poised to determine, in *Beckles v. United States*, whether *Johnson* could be applied to the Sentencing Guidelines and could be applied retroactively on collateral review. (Id. at 3.)

The Supreme Court has now held that the advisory Sentencing Guidelines are not subject to vagueness challenges and that U.S.S.G. § 4B1.2's residual clause is not void for vagueness. *Beckles v. United States*, No. 15-8544, __ U.S. __, 2017 WL 855781 (S. Ct. Mar. 6, 2017) (abrogating, among other cases, *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016)). Accordingly, petitioner's purportedly *Johnson*-based claim cannot justify relief and should be denied on the merits. After all, petitioners "seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the

evidence," *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and petitioner cannot satisfy that standard here. (*See* Doc. 51 (suggesting that "summary denial . . . with prejudice would be appropriate").)

Petitioner's § 2255 motion should also be dismissed with prejudice because it fails to state any claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *see also Wilson v. United States*, No. 3:04-cr-134, 2017 WL 1034691, at *3 (E.D. Tenn. Mar. 16, 2017) (Varlan, J.) (denying and dismissing with prejudice a § 2255 motion because, as a result of *Beckles*, "the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting [a petitioner's career-offender] sentence"); *Velez v. United States*, No. 2:08-cr-68, 2017 WL 1026497, at *2 (E.D. Tenn. Mar. 15, 2017) (Greer, J.) (same); *Hendrick v. United States*, No. 2:12-cr-84, 2017 WL 951683, at *3 (E.D. Tenn. Mar. 9, 2017) (Jordan, J.) (same); *United States v. Harden*, No. 3:03-cr-17(2), 2017 WL 958616 (S.D. Ohio Mar. 8, 2017) (recommending dismissal with prejudice for failure to state a claim because "*Beckles* . . . is fatal" to the claim presented).[1]

---

[1] Dismissal without prejudice is appropriate only in limited circumstances. For example, a petitioner may voluntarily dismiss an action without prejudice "before the opposing party serves . . . an answer," Fed. R. Civ. P. 41(a)(1)(A)(i), but that rule is inapplicable here, because the United States already responded to the substance of petitioner's § 2255 motion. *See United States v. Hamilton*, Nos. 3:09-cr-19, 2012 WL 5292880, at *2 (N.D. Ohio Oct. 25, 2012) (finding dismissal inappropriate where a defendant "seeks to withdraw in the face of what he perceives to be near certain defeat").

Dismissal without prejudice may also be appropriate where a motion is technically deficient in a way that (a) could be remediated by an amended motion or (b) could be raised at another time, in another venue, or under other statutory authority. *See Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (noting that dismissal without prejudice is appropriate where a deficient complaint could be "saved by amendment"); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (explaining that, where a habeas petitioner filed claims unreviewable under 28 U.S.C. § 2241 yet arguably cognizable under 42 U.S.C. § 1983, the court "should have dismissed the [§ 2241] petition without prejudice to [his ability] to raise . . . [the] claims properly . . ."). None of those scenarios exist here; the Supreme Court's decision in *Beckles* categorically forecloses petitioner's ability to establish that any guideline provision is unconstitutionally vague.

Because *Beckles* conclusively establishes that petitioner's § 2255 motion is meritless, the motion should be denied and dismissed with prejudice.

                        Respectfully submitted,

                        Nancy Stallard Harr
                        United States Attorney

by:   *s/ Debra A. Breneman*
       Debra A. Breneman
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that, on March 27, 2017, this motion was filed electronically, and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Anthony Lamont Singleton
No. 45105-074
F.C.I. Yazoo City Medium
P.O. Box 5888
Yazoo City, MS  39194

                        *s/ Debra A. Breneman*
                        Debra A. Breneman
                        Assistant United States Attorney