UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ANTHONY LAMONT SINGLETON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:12-CR-58-JRG-MCLC-1 |
| | ) | 2:16-CV-199-JRG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the United States's motion to deny and dismiss Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 52]. Petitioner submitted the relevant § 2255 petition on June 23, 2016 [Doc. 46]. In it, he challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual provision in Section 4B1.2 is equally vague)].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). USSG § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. USSG § 2K2.1(a)(4).

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 51].

On March 27, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 52]. On April 13, 2017, Petitioner filed two motions: the first motion requests an extension of time, presumably so that he can file additional pro se arguments in support of collateral relief [Doc. 54]; and the second motion requests the appointment of counsel to "help [him] with [his] case" [Doc. 55].

I.  **RESOLUTION OF NON-DISPOSITIVE MOTIONS**

Petitioner's pro se request for an extension of time [Doc. 54] will be **DENIED** because he has already had more than enough time to submit pro se arguments in support of his existing ground or supplement the same with additional theories of collateral relief. The petition has been

---

Offenders with two such convictions face a base offense level of twenty-four. USSG § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* USSG §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

pending before this Court for nearly eight months and more than a month has passed since the Supreme Court decided *Beckles*. An extension would be inappropriate under the circumstances.

Petitioner's pro se request for the appointment of counsel to assist in his case will be **DENIED** because the Court does not find that he has demonstrated counsel is necessary to ensure that the existing claims for collateral relief are fairly heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986); *see also Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (explaining that the appointment of counsel in a civil case is a matter within the discretion of the district court).

## II. MOTION TO DISMISS WITH PREJUDICE

To the extent that Petitioner challenges his base offense level based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. Thus, Tennessee aggravated assault remains a crime of violence under Section 4B1.2.

## III. CONCLUSION

For the foregoing reasons, Petitioner's pro se requests for an extension of time [Doc. 54] and the appointment of counsel to "assist [him] with [his] case" [Doc. 55] will be **DENIED**. Further, because *Beckles* forecloses *Johnson*-based collateral relief from Petitioner's Guideline enhancement, the United States's motion to deny and dismiss [Doc. 52] will be **GRANTED** and Petitioner's pro se petition [Doc. 46] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial

showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE